1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE EX PARTE APPLICATION OF
YOSHIHIDE HONDA AND HONDA
DERMATOLOGIC CLINIC,

Applicants.

Case No.  21-mc-80167-VKD

**ORDER DENYING WITHOUT
PREJUDICE EX PARTE
APPLICATION FOR DISCOVERY
PURSUANT TO 28 U.S.C. § 1782**

Re: Dkt. No. 1

      Applicants Yoshihide Honda (Dr. Honda) and Honda Dermatologic Clinic (the "Clinic")
have filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of
a subpoena for documents on Google LLC ("Google").  Dkt. No. 1.  Although the proposed
subpoena is directed to Google, the applicants will use the subpoena to obtain identifying and
contact information for an individual in Japan who has a Google account.

      The Court denies without prejudice the proposed subpoena.  The applicants may submit an
amended or supplemental application that addresses the Court's concerns about the scope of the
proposed subpoena, as described below.

## I.       BACKGROUND

      According to the application, Dr. Honda is the head dermatologist at Honda Dermatology
Clinic in Noriedacho Chuo Hamamatsu City, Shinzuoka Prefecture, Japan.  Dkt. No. 1 at 2–3.  On
September 24, 2020, a Google account user left a negative review on the Clinic's Google Map
review page under the name "Lin- ta-low".  Dkt. No. 1 at 3; Dkt. No. 2-1, Ex. A.  The review
asserts that Dr. Honda disregards patient safety because he allegedly prescribed medication in the

1  strongest steroid class to treat a mild to moderate medical condition.[1]  Dkt. No. 2-1, Ex. A.  The

2  reviewer consulted a pharmacist who was surprised by the prescription and told the reviewer to

3  stop using it immediately.  *Id.*  The applicants say that they intend to assert claims for defamation

4  in Japan against the person responsible for writing the negative Google review about Dr. Honda

5  and the Clinic.  Dkt. No. 2 ¶ 1.  Dr. Honda and the Clinic request permission to serve a subpoena

6  on Google seeking "[a]ll DOCUMENTS identifying the user(s) of ACCOUNT 1 from on or about

7  September 4, 2020, including all names, addresses, e-mail addresses, and e-mail address or

8  telephone numbers for recovery or alternate purpose, and the name, address, and telephone

9  number of ACCOUNT 1."  Dkt. No. 6-1 at 5.

10       The application is supported by the declarations of Tomohiro Kanda (Dkt. No. 2), Dr.

11  Honda (Dkt. No. 3), and Marianne Mu (Dkt. No. 4).

12  **II.     LEGAL STANDARD**

13       Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or

14  testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal

15  privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–

16  47 (2004).  The statute may be invoked where: (1) the discovery is sought from a person residing

17  in the district of the court to which the application is made; (2) the discovery is for use in a

18  proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

19  an "interested person."  *Intel*, 542 U.S. at 246.

20       A district court is not required to grant an application that meets the statutory criteria, but

21  instead retains discretion to determine what discovery, if any, should be permitted.  *Id.* at 264.  In

22  exercising that discretion, the court considers several factors:

23       (1) whether "the person from whom discovery is sought is a participant in the foreign

24            proceeding";

25       (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad,

26            and the receptivity of the foreign government or the court or agency abroad to U.S.

27

28

---

[1] The Court relies on English translations of reviews written in Japanese.  *See* Dkt. Nos. 3, 4.

United States District Court
Northern District of California

1     federal-court judicial assistance";

2     (3) whether the discovery request "conceals an attempt to circumvent foreign proof-

3           gathering restrictions or other policies of a foreign country or the United States"; and

4     (4) whether the discovery requested is "unduly intrusive or burdensome."

5 *Id.* at 264–65.

6     A district court's discretion is guided by the twin aims of § 1782: providing efficient

7 assistance to participants in international litigation, and encouraging foreign countries by example

8 to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376

9 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information

10 sought would be discoverable under the governing law in the foreign proceeding or that United

11 States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at

12 247, 261–63.

13     Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte

14 basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request

15 and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom*

16 *GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic*

17 *of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15,

18 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery

19 is 'authorized,' and thus the opposing party may still raise objections and exercise its due process

20 rights by challenging the discovery after it is issued via a motion to quash, which mitigates

21 concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys.*

22 *Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

23     Unless the district court orders otherwise, the discovery the court authorizes must be

24 obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re*

25 *Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th

26 Cir. 1994).

27

28

United States District Court
Northern District of California

3

III.   DISCUSSION

A.   Statutory Requirements

The application satisfies the statutory requirements of 28 U.S.C. § 1782(a).  First, the proposed subpoena seeks discovery from Google, which has its principal place of business in this district.  *See* Dkt. No. 2-1, Ex. B.  Second, the applicants request this discovery for use in a civil action for defamation that they anticipate filing in Japan as soon as they learn the identity of the Google account holder(s) responsible for the negative review posting.  Dkt. No. 2 ¶ 1.  This proceeding before a foreign tribunal appears to be within reasonable contemplation.  *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation).  Third, Dr. Honda and the Clinic, as the putative plaintiffs in the contemplated civil action, are interested persons within the meaning of the statute.

B.   *Intel* Factors

Even if the Court has the authority to grant the application, that does not mean the Court is required to do so.  *Intel*, 542 U.S. at 247.  In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

1.   Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding."  *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action the applicants plan to bring in Japan, and the documents the applicants seek by subpoena are located within the United States.  Dkt. No. 1 at 7; Dkt. No. 2 ¶ 16.  Dr. Honda and the Clinic further contend that such evidence is outside the reach of a Japanese court's jurisdiction.  *Id.*  Under these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within the jurisdiction to produce evidence.  *Intel*, 542 U.S. at 264.  The Court finds this factor weighs in favor of authorizing service of the subpoena.

### 2.      Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

While Dr. Honda and the Clinic represent that Japanese courts have been receptive in other matters to assistance in discovery from the United States, the cases on which they rely do not actually support that proposition, as neither case concerns Japanese courts' receptivity to discovery of the personal identifying information of individuals posting anonymous online reviews. First, in *Marubeni Am. Corp. v. LBA Y.K.*, the Second Circuit merely observed that "there is no evidence in the record of what discovery would be available in, or is acceptable to, the Japanese District Court in Tokyo." 335 F. App'x 95, 97–98 (2d Cir. 2009). Second, in *In re Ex Parte LG Elecs. Deutschland GmbH*, the discovery at issue concerned documents reflecting the transfer of intellectual property rights between private parties, not the personal identifying information of account holders. No. 12CV1197-LAB MDD, 2012 WL 1836283, at *1 (S.D. Cal. May 21, 2012).

Mr. Kanda, an attorney for Dr. Honda and the Clinic who is licensed to practice in Japan,

asserts that he is aware of no restrictions or policies under Japanese law that would limit the gathering of evidence that the applicants seek here.  Dkt. No. 2 ¶ 15.  Therefore, in the absence of evidence that Japanese courts would object to the applicants' use of the information sought in the subpoena, or that they more generally object to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 3.   Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether the applicants' request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  *Intel*, 542 U.S. at 265.  "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'"  *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)).  Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions."  *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

As noted above, Mr. Kanda asserts that he is not aware of any restrictions or policies under Japanese law that would limit the gathering of evidence that Dr. Honda and the Clinic seek here. Dkt. No. 2 ¶ 15.  Dr. Honda and the Clinic also observe that evidence in Google's possession is outside the reach of a Japanese court's jurisdiction.  *Id.* ¶ 14.  In the absence of contrary information regarding the procedures acceptable to a Japanese court for identifying the Google account holders, the Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 4.   Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery sought is "unduly intrusive or

burdensome." *Intel*, 542 U.S. at 265.

The applicants' attorney, Mr. Kanda, contends that the Google account holder's identity is needed to bring a defamation lawsuit in Japan.  Dkt. No. 2 ¶ 13.  The proposed subpoena to Google seeks "all documents" identifying user(s) of Google the account from which the review was posted, including all names, addresses, e-mail addresses, e-mail address or telephone number for recovery or alternate purpose, and the name, address, and telephone number of the account holder.  Dkt. No. 6-1 at 5.  The subpoena seeks all such documents from September 4, 2020 (the date of the posting) to the present date—nearly 10 months' worth of identifying information.  *Id.* The application does not explain why the applicants require identifying documents spanning 10 months to identify the account holder.

There is no question that the proposed subpoena intrudes upon the privacy interests of the Google account holder whose information the applicants seek, and the Court questions whether the procedures typically available for addressing and resolving challenges to a subpoena served pursuant to an ex parte application adequately protect the interests of the account holder here.  As a practical matter, individuals in Japan may not be able to easily invoke the available U.S. judicial processes to object to the proposed subpoena, and it is not clear whether or to what extent Google may act to protect the privacy interests of its account holders.

Here, Dr. Honda and the Clinic may address the Court's concerns about the breadth of the subpoena by narrowing the scope of documents requested for the account so that the request is limited to documents sufficient to identify (by name, telephone number, email address and mailing address) the person or persons who used or controlled the account on the date each negative review was posted.  Alternatively, Dr. Honda and the Clinic may file an amended or supplemental application that explains why it requires the broader range of documents listed in its proposed subpoena.

In addition, the Court's concerns about the account holder's privacy interests can be addressed by adopting procedural protections to ensure that any objections an account holder may have to disclosure of his or her information are addressed by the Court before disclosure is made. Specifically, if the Court authorizes service of a subpoena, it will require Google to give the

account holder an opportunity to object and to notify the Court of any objections it receives from the account holder before Google discloses any objected-to documents to Dr. Honda and the Clinic.

## IV.     CONCLUSION

Dr. Honda and the Clinic's application meets the statutory criteria for an order authorizing service of a modified subpoena.  While some of the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of a modified subpoena, the last factor does not. For the reasons explained above, the Court denies Dr. Honda and the Clinic's application without prejudice.  Dr. Honda and the Clinic may file an amended proposed subpoena that narrows the documents requested, or it may file an amended or supplemental application in support of its original subpoena, by August 10, 2021.

**IT IS SO ORDERED.**

Dated: July 27, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

8